IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. HAYES | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:23-cv-304 |
| | § | JURY TRIAL |
| FEDEX GROUND PACKAGE SYSTEM, | § | |
| INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Christopher L. Hayes (hereinafter "Plaintiff"), filing this *Plaintiff's Original Complaint*, complaining of FedEx Ground Package System, Inc. (hereinafter referred to as "FedEx" or "Defendant"), and showing in support of same as follows:

### I. PRELIMINARY STATEMENT

1. This is an employment discrimination and retaliation case. This is an action brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 1981 ("§1981") and the Family and Medical Leave Act of 1993 ("FMLA"), to correct unlawful employment practices based on sex, color, race and disability, as well as retaliation for reporting same, and to provide appropriate relief to Plaintiff. As alleged with greater particularity below, Plaintiff complains that FedEx discriminated against him and failed to accommodate his reasonable requests related to his disabilities, including his request for FMLA leave, and then retaliated against Plaintiff after he complained of same by terminating him when he was on FMLA leave in violation of Title VII, the ADA and/or the FMLA. Plaintiff brings this suit to help end FedEx's discriminatory practices and policies against disabled employees and employees who exercise their right to complain when they feel that they are the victim of unlawful discrimination. Plaintiff also brings this suit because of the damage to him and his career caused

by FedEx's illegal and discriminatory actions.

## II. PARTIES

2. Plaintiff is a male citizen of the United States and a Texas resident, who resides in Nueces County, Texas.

3. Defendant is a foreign for-profit corporation authorized to do business in the State of Texas, and may be served by serving its registered agent, to wit: CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## III. JURISDICTION, VENUE & CONDITIONS PRECEDENT

4. This court has jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §1331 and 28 U.S.C. §1343, as Plaintiff asserts causes of action involving federal question based upon Title VII, the ADA and the FMLA. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce. The Court has personal jurisdiction over Defendant because Defendant conducted business in Texas, has entered into relationships with Plaintiff in Texas, and committed actions and/or omissions in Texas that give rise to this cause of action.

5. Defendant was substantially in control of the terms of Plaintiff's work and was Plaintiff's employer as defined by 29 U.S.C. §203(d).

6. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claims herein occurred in said district. Additionally, Defendant is a resident of and is doing business in said district.

7. Plaintiff timely filed a *Charge of Discrimination* with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), charge number 451-2022-01347. On November 17, 2023, the EEOC issued Plaintiff's *Notice of Right to Sue*, which he received on the same date. Plaintiff now files the instant pleading prior to the expiration of 90 days of receiving his *Notice of*

*Right to Sue*. Plaintiff has therefore complied with all conditions precedent and exhausted all administrative remedies prior to filing suit.

**IV. FACTS**

8. Whenever in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant.

9. Plaintiff was an upper-level management employee for nearly eight years with FedEx. He began his career (on or about) February 11, 2014, as a Field Human Resources Advisor – Mid America Region, earning approximately $96,000 annually. In (or about) August of 2016, Plaintiff was promoted to Manager of Regional HR Specialist, where he remained until (in or about) August of 2018, when Plaintiff chose a lateral transfer to Regional Learning Manager.

10. During his career with FedEx, Plaintiff received countless awards and recognition for his leadership and commitment to FedEx. In fact, during his first year with FedEx, Plaintiff received the Five Star Award which is the highest honor a FedEx employee can receive, recognizing Plaintiff for enhancing service and profitability and exemplifying the spirit of teamwork and professionalism. There are employees who work for FedEx their entire career (20+ years) and never receive this award.

11. Plaintiff was also recognized for leadership in driving diversity and inclusion throughout the mid-American region. During his career, Plaintiff received between 10-12 Bravo Zulu awards which has a signal meaning of "well done," and is distributed to individuals for outstanding performance beyond normal job expectations. These rewards included cash bonuses, theatre tickets, dinner gift certificates, etc. Plaintiff was also awarded the Manager Human Resources of

the Year in 2018. Along with his awards and promotions, Plaintiff also received several pay increases. When Plaintiff was terminated, he was earning approximately $135,000.00 annually.

12.     Plaintiff is an individual living with disabilities, as he suffers from anxiety and depression, as well as intermittent insomnia. Plaintiff's disabilities became exacerbated based on the culmination of a series of events that occurred near the end of October 2021. First, beginning in 2019, an employee[1] who reported directly to Plaintiff began making unfounded and completely untrue allegations against him of race, age and gender discrimination. The truth is that Plaintiff was one who was the victim of unlawful discrimination by Doe.

13.     FedEx's investigation found that each of Doe's claims were untrue, unfounded and ultimately Doe was terminated for insubordination. As a direct result of Doe's unfounded allegations against Plaintiff, Plaintiff countered and complained that he was actually the recipient of gender and race discrimination, which resulted in retaliation by FedEx.

14.     For instance, because Plaintiff was the one being accused of discrimination by Doe, it was his understanding that HR would handle her investigation. What is perplexing is that during said investigation, Plaintiff was disciplined for not better managing the "situation" with Doe. To this day, Plaintiff cannot understand how he could possibly have been expected to manage Doe's conduct and the resulting investigations when he was her victim. Not to mention, it was – and still is – Plaintiff's belief that participation and/or interference in Doe's investigation could have been viewed as retaliation on his part – which is why Plaintiff understood HR would handle the investigation.

---

[1] Said employee who is a different race than Plaintiff is referred to as Jane Doe in order to protect her anonymity.

15. Even though Plaintiff was ultimately cleared of any wrongdoing, after making his complaints of discrimination, the culture of FedEx seemed to change – at least as it pertained to Plaintiff and his career.

16. After Doe's termination, which occurred in (or about) August or September of 2021, Plaintiff felt as though his days were numbered. Shortly thereafter, on (or about) October 20, 2021, Plaintiff received a performance improvement plan ("PIP") which he felt was inaccurate, unfair and needlessly harsh. The PIP seemed to come out of nowhere and unfairly depicted Plaintiff's work ethic – even picking on him for multiple incidents which had occurred years earlier.

17. Although the PIP theoretically provided Plaintiff with an opportunity to correct any performance concerns over the following 90 days, before Plaintiff had an opportunity to respond or address FedEx's points of concern, his mother passed away suddenly – the very next day.

18. As a result, Plaintiff was devastated and distraught and immediately went out on bereavement leave (from October 25 – 29, 2021). Because of the mental and physical impact that Plaintiff's mother's sudden death had on him, and due to his disabilities, Plaintiff's physician placed him on short term disability ("STD") leave, as well as leave under the Family and Medical Leave Act ("FMLA").

19. Plaintiff's STD and FMLA leave ran concurrently, from November 1, 2021, through January 1, 2022. Initially, Plaintiff's physician reported that his FMLA leave should end on December 1, 2021 – a mistake which was corrected by his physician on (or about) November 11, 2021, to read that Plaintiff's leave should continue through January 1, 2022.

20. On December 2, 2021, Plaintiff's former supervisor, Denise Dietrich, called him and terminated his employment over the phone citing "poor performance at work," an allegation that is undocumented, contrived and completely false – especially considering Plaintiff had not even

been at work at all. Plaintiff was told at that time that FedEx would not be opposing his unemployment benefits.

21. In sum, Plaintiff was discriminated against because of his sex, color, race and disabilities and because he requested/took FMLA leave, and he was retaliated against because he internally complained of unlawful discrimination.

**V. CAUSES OF ACTION**

**COUNT I**
**COLOR HARASSMENT AND DISCRIMINATION**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

22. By and through his *Plaintiff's Original Complaint*, and in the alternative, Plaintiff pleads that Defendant maintains a pattern and practice of discriminating against employees, including Plaintiff, in their hiring, application of rules, policies, procedures, placement, promotion, practices, discipline, and training. More specifically, Plaintiff pleads that he was treated less favorably, disciplined and fired by his supervisor(s) because of the color of his skin.

23. By and through his *Plaintiff's Original Complaint* and in the alternative, Plaintiff pleads that Defendant inappropriately considered Plaintiff's skin color as a motivating and/or substantial factor in subjecting him to different rules/policies/procedures than similarly situated employees who are not white in color. As such, Defendant's proffered reasons for demoting and disciplining Plaintiff are pretextual and disguise Defendant's mixed motives of discrimination.

24. As a consequence, Defendant denied Plaintiff equal employment opportunities in that, as a direct and proximate result of the discriminatory employment practices propagated by Defendant, Defendant treated Plaintiff in a disparate manner on the basis of his skin color.

25. Defendant's actions were taken with malice and with reckless indifference to Plaintiff's federally protected rights and Defendant employer is strictly liable for a supervisor's conduct made

unlawful by Title VII.

## COUNT II
## RACE HARASSMENT AND DISCRIMINATION
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

26. By and through his *Plaintiff's Original Complaint*, and in the alternative, Plaintiff pleads that Defendant maintains a pattern and practice of discriminating against people whose race is Caucasian, including Plaintiff, in their hiring, application of rules, policies, procedures, placement, promotion, practices, discipline, and training. More specifically, Plaintiff pleads that he was treated less favorably, disciplined and terminated by his supervisor(s) because of his race.

27. By and through his *Plaintiff's Original Complaint* and in the alternative, Plaintiff pleads that Defendant inappropriately considered Plaintiff's race as a motivating and/or substantial factor in subjecting him to different rules, policies, and procedures than similarly situated employees who are not Caucasian. As such, Defendant's proffered reasons for demoting and disciplining and terminating Plaintiff are pretextual and disguise Defendant's mixed motives of discrimination.

28. As a consequence, Defendant denied Plaintiff equal employment opportunities in that, as a direct and proximate result of the discriminatory employment practices propagated by Defendant, Defendant treated Plaintiff in a disparate manner on the basis of his race.

29. Defendant's actions were taken with malice and with reckless indifference to Plaintiff's federally protected rights and Defendant employer is strictly liable for a supervisor's conduct made unlawful by Title VII.

## COUNT III
## VIOLATIONS OF § 1981

30. The effect of Defendant's actions described above has been to deprive Plaintiff of the same rights as are enjoyed by non-white citizens to the creation, performance, enjoyment, and all benefits and privileges of his employment relationship with Defendant, in violation of Plaintiff's

rights afforded to him under 42 U.S.C. § 1981. But for Defendant's race, his rights would not have been violated and he would not have been deprived in the creation, performance, enjoyment, and all benefits and privileges of his employment relationship with Defendant.

31. As a result of Defendant's actions, Plaintiff has been denied an employment opportunity providing substantial compensation and benefits, entitling him to injunctive and equitable monetary relief.

32. As a proximate result of Defendant's actions, Plaintiff has suffered emotional distress, humiliation, embarrassment, and mental anguish.

33. At all times, Defendant acted with malice towards Plaintiff and with conscious disregard of Plaintiff's rights.

## COUNT IV
## SEX DISCRIMINATION
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

34. By and through his *Plaintiff's Original Complaint*, Plaintiff pleads that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., by discriminating against Plaintiff based on his sex(male), by harassing Plaintiff and by creating a hostile workplace environment in connection with compensation, terms, conditions and/or privileges of employment. Defendant further violated Title VII by taking tangible employment actions against Plaintiff.

35. By and through his *Plaintiff's Original Complaint* and in the alternative, Plaintiff pleads that Defendant inappropriately considered Plaintiff's sex as a motivating and/or substantial factor in subjecting him to different rules, policies, and procedures than similarly situated employees who are not male. As such, Defendant's proffered reasons for demoting and disciplining and terminating Plaintiff are pretextual and disguise Defendant's mixed motives of discrimination.

36. As a consequence, Defendant denied Plaintiff equal employment opportunities in that, as a direct and proximate result of the discriminatory employment practices propagated by Defendant, Defendant treated Plaintiff in a disparate manner on the basis of his sex.

37. Defendant's actions were taken with malice and with reckless indifference to Plaintiff's federally protected rights and Defendant employer is strictly liable for a supervisor's conduct made unlawful by Title VII.

## COUNT V
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT

38. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(a)(i)(ii).

39. Plaintiff requested leave from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i). Plaintiff had at least 1,250 hours of service with the Defendant during his last full year of employment.

40. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i). Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on an intermittent or block basis

41. Plaintiff alleges Defendant's unlawful actions in taking an adverse action against him for requesting and taking leave for a serious health condition that made him unable to perform the essential functions of his job, violates the Family and Medical Leave Act, justifying an award, *inter alia*, of back pay, front pay, interest, benefits, special damages, expenses, compensatory damages, liquidated damages, and punitive damages against FedEx.

42. 29 U.S.C. § 2615(a)(2) of the FMLA makes it "unlawful for an employer to discharge or in any other manner discriminate against an individual for opposing any practice made unlawful by this subchapter." § 2615(a)(2). To make a *prima facie* showing of retaliation under the FMLA, Plaintiff must show that: (1) he was protected under the FMLA; (2) he suffered an adverse employment decision; and either (3a) that he was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because he took FMLA leave. If Plaintiff succeeds in making a *prima facie* case, the burden shifts to Defendant to articulate a legitimate nondiscriminatory or nonretaliatory reason for the employment action(s). *Hunt v. Rapides Healthcare Sys.*, LLC, 277 F.3d 757, 768(5th Cir. 2001). See also *Chaffin v. John H. Carter Co., Inc.*, 179 F.3d 316, 320(5th Cir. 1999); *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383(5th Cir. 1998).

43. Immediately after applying for and taking FMLA leave, Plaintiff was fired. Plaintiff alleges that he was harassed, discriminated against, suffered a hostile work environment, and was discharged from his position of employment with FedEx in violation of the FMLA.

## COUNT VI
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990

44. By and through his *Plaintiff's Original Complaint*, Plaintiff pleads that Defendant maintains a pattern and practice of discriminating against disabled Americans, such as Plaintiff, in its employment practices. More specifically, Defendant, through its acts and omissions, unjustifiably terminated Plaintiff because he suffers from a disability, thereby resulting in the disparate treatment of Plaintiff.

45. By and through his *Plaintiff's Original Complaint*, Plaintiff pleads that he suffers from an impairment that substantially limits one or more major life activities.

46. By and through his *Plaintiff's Original Complaint*, Plaintiff pleads that he was hired by Defendant and, *ipso facto*, was qualified for his position based upon the requisite skill, experience, education and other job-related requirements for the position, as shown by the actions of Defendant.

47. By and through his *Plaintiff's Original Complaint*, Plaintiff pleads that he can perform the essential functions of his job with or without an accommodation.

48. By and through his *Plaintiff's Original Complaint*, Plaintiff pleads that his disability was the sole and/or another improper reason for Defendant's decision to terminate his employment, resulting in its disparate treatment of Plaintiff.

49. Further, and in the alternative, Plaintiff pleads that he suffers from a physical impairment that is substantially limiting only because of the attitudes of others, including Defendant, toward the impairment.

50. Further, and in the alternative, Plaintiff pleads that he may not suffer from an impairment that limits a major life activity at all, but is "regarded as" suffering from a substantially limiting impairment, as that term of art is defined by the ADA.

51. Further, and in the alternative, Plaintiff pleads that Defendant utilized qualification standards, employment tests or other selection criteria, that serve to screen out or tend to screen out an individual with a disability or a class of individuals with disabilities and that said standards, tests, and other selection criteria are inconsistent with business necessity. The aforementioned discriminatory labor and employment law practices result in a disparate impact upon Plaintiff and similarly situated individuals, *in genere*.

## COUNT VII
## RETALIATION

52. This cause of action is in addition, or in the alternative, to the other claims in this complaint.

53. It is illegal under Title VII for an employer to retaliate or discriminate against an employee who has opposed sex and pregnancy discrimination, made or filed a charge of discrimination, or testified, assisted, or participated in any manner in an investigation, proceeding, or hearing related to a violation of Title VII.

54. Plaintiff raised concerns internally and opposed what he in good faith believed was discrimination because of sex and/or color and/or race.

55. Defendant's administration failed to acknowledge, respond to or address Plaintiff's concerns raised internally about sex and/or color and/or race discrimination and instead fired Plaintiff.

56. Being fired for raising concerns about sex and/or color and/or race discrimination is highly detrimental to an employee and would dissuade a reasonable employee from making or supporting a claim, charge or complaint of discrimination.

57. Defendant has retaliated against Plaintiff in violation of Title VII.

## VI. DAMAGES

58. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer damages in the form of lost back wages, lost future wages, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59. Defendant engaged in discrimination, harassment and created a hostile workplace environment in connection with compensation, terms, conditions and/or privileges of employment with malice and/or reckless indifference to Plaintiff's rights. Plaintiff is thus entitled to exemplary

damages.

60. Plaintiff is entitled to recover from the Defendant a reasonable fee for the performance of necessary legal services in the preparation and prosecution of this action in the trial court as well as a reasonable fee for legal services performed on appeal.

61. As a result of the foregoing unlawful and wrongful acts of Defendant, Plaintiff has been caused to suffer general damages which include but are not limited to the following: both physical and emotional injury, including but not limited to pain and suffering, emotional and mental distress, and personal humiliation and shock.

62. Said injuries have caused Plaintiff to incur special damages.

63. Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

64. In addition, Plaintiff prays for punitive damages against Defendant. Punitive damages are designed to punish and deter persons/entities such as Defendant who have engaged in egregious wrongdoing.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that this Honorable Court allow him to recover the following:

a. all direct damages;
b. consequential and incidental damages, which may include the value of lost income, lost salary income for past and future employment, and whatever else may be proven during the course of litigation;
c. compensatory and non-compensatory damages, whether general or special, in an amount deemed sufficient by a trier of fact;
d. an additional sum representing the present value of unaccrued wage payments, front pay, and all other compensation due to Plaintiff for the period following the date of judgment, calculated as of the date of judgment;
e. an award for past pain and suffering;
f. an award for future pain and suffering;
g. an award for past and future mental anguish;
h. attorney fees in a reasonable amount together with conditional awards in the event of appeal;
i. court costs, including the costs of litigation;

j.  because of the callous, willful, recklessly indifferent, malicious, wanton, grossly negligent and/or intentional conduct or acts of Defendant, Plaintiff seeks exemplary damages;
k.  pre-judgment interest and post judgment interest, at the maximum rate as allowed by law; and
l.  any other relief that the Court deems necessary and just.

Respectfully submitted,

GALE LAW GROUP, PLLC
525 Clifford Street
Corpus Christi, Texas 78404
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Telephone: (361)808-4444
Telecopier: (361)232-4139

By: /s/ *Amie Augenstein*
Amie Augenstein
Southern District Bar No. 2236723
Texas Bar No: 24085184
Email: Amie@GaleLawGroup.com
*Attorney-In-Charge for Plaintiff*
By: /s/ *Christopher J. Gale*
Christopher J. Gale
Southern District Bar No. 27257
Texas Bar No. 00793766
Email: Chris@GaleLawGroup.com
*Attorney for Plaintiff*

**Demand for Jury Trial**

Plaintiff hereby demands trial by jury pursuant to Fed. R. Civ. P. 38(b).